**ITPE PENSION FUND,**
et al., Plaintiffs,

v.

**STRONGHOLD SECURITY,**
LLC., Defendant.

Civil Action No. 13–0025 (ABJ)

United States District Court,
District of Columbia.

Signed February 25, 2014

H. David Kelly, Jr., Beins, Axelrod, P.C., Washington, DC, for Plaintiffs.

### *ORDER ADOPTING REPORT AND RECOMMENDATION*

AMY BERMAN JACKSON, United States District Judge

On February 7, 2014, Magistrate Judge Deborah A. Robinson issued a Report and Recommendation [Dkt. # 16] with respect to plaintiffs' motion for default judgment [Dkt. # 10]. Neither party filed written objections to the report and the time period to object has passed. After careful review of the report, the Court hereby adopts the Report and Recommendation in its entirety. Accordingly, it is hereby ORDERED that the Report and Recommendation [Dkt. # 16] is ADOPTED and that plaintiffs' motion for default judgment [Dkt. # 10] is GRANTED.

It is FURTHER ORDERED that JUDGMENT shall be entered for plaintiffs against defendant in the following amounts:

(a) delinquent contributions remaining due and owing on the date this action commenced in the amount of $13,388.80;

(b) delinquent contributions paid late during the pendency of the action in the amount of $22,627.20;

(c) delinquent contributions estimated to be due and owing to the Fund on the date of the updated declaration which is August 20, 2013, in the amount of $2,241.00;

(d) interest due and owing on the delinquent contributions that remain unpaid as of August 16, 2013, in the amount of $1,348.60;

(e) interest which Defendant shall incur as a consequence of its continued failure to pay contributions due for the period of June 22, 2013, through July 31, 2013, provided the Fund received those contributions on August 16, 2013, in the amount of $13.79;

(f) liquidated damages on the amount of contributions which were delinquent when paid in the amount of $6,133.56;

(g) liquidated damages which Defendant shall incur as a consequence of its continued failure to pay contributions due for the period of June 22, 2013, through July 31, 2013, provided the Fund received those delinquent contributions on August 16, 2013, in the amount of $179.20; and

(h) reasonable attorneys' fees and costs in the amount of $37,293.87.

And it is FURTHER ORDERED that defendant shall comply with all applicable provisions of ERISA and that defendant shall submit all contribution reports due and owing to the Pension Fund, together with any contributions shown to be due and owing on those contribution reports.

This is a final appealable Order. *See* Fed. R.App. P. 4(a).

**SO ORDERED.**

**REPORT AND RECOMMENDATION**

February 7, 2014

DEBORAH A. ROBINSON, United States Magistrate Judge

Plaintiffs, Dennis R. Arrington, Jerry M. Bowden, John Conley, Dennis Conley, Cindy Diehm, Harold E. Gelber, Michael Goodwin, Paul Harvey, Ruthie T. Jones, Jay Lipscomb, Arthur McZier, Richard B. Rowe, Fred Smith and William Spenser, serve as the Board of Trustees of the ITPE Pension Fund ("Pension Fund"), and as trustees "are all fiduciaries as defined in [Employee Retirement Income Security Act of 1974 ("ERISA")] Section 3(21), 29 U.S.C. § 1002(21)." *See* Complaint (Document No. 1), ¶ 6. Plaintiffs commenced this action as fiduciaries of the Pension Fund to collect delinquent contributions, interest and liquidated damages owed to the Pension Fund by a contributing employer, Defendant Stronghold Security, LLC, pursuant to a collective bargaining agreement and in accordance with the terms of the applicable Trust Agreement, §§ 502(a)(3), (d)(1), (g) and 515 of ERISA as amended, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g), and 1145. *See* Complaint, ¶ 1.

The pending Motion for Default Judgment (Document No. 10) was referred to the undersigned for preparation of a report and recommendation pursuant to LCvr 72.3. *See* Order Referring Motion (Document No. 11).

Upon consideration of the motion; the absence of any opposition thereto; the facts adduced at the evidentiary hearing (*see* 08/16/2013 Minute Entry), and the entire record herein, it is recommended that Plaintiffs' motion be **GRANTED**.

**BACKGROUND**

Plaintiffs allege that the Pension Fund is a multi-employer employee pension benefit plan within the meaning of ERISA § 3(2), (3), and (37)(A), 29 U.S.C. § 1002(2), (3), and (37)(A), organized under the Labor Management Relations Action ("LMRA") of 1947 § 302(c)(5), 29 U.S.C. § 186(c)(5). Complaint, ¶ 4. Plaintiffs also allege that pursuant to the LMRA, the Pension Fund is governed by a Board of Trustees, half of whom are appointed by the Union representing employees covered by the Pension Fund, and the other half appointed by participating employers. *Id.* Plaintiffs contend that the "Pension Fund provides retirement benefits to employees of contributing employers in accordance with a plan of benefits as set forth in the Pension Fund's Plan Document. The Plan Document, together with the Pension Fund's Agreement and Declaration of Trust, as amended from time to time by the Board of Trustees ("Pension Fund Agreement"), are the governing documents of the Pension Trust." *Id.*, ¶ 5. Plaintiffs allege that "Defendant Stronghold Security, LLC ("Stronghold") ... employed workers who were and are represented by the Industrial, Technical and Professional Employees Union ("ITPE") and who are participants in the Pension Fund." *Id.*, ¶ 7. Plaintiffs also allege that "Stronghold has been an 'employer' within the meaning of the Pension Fund Agreement, and has been bound by the terms and conditions

therein[,]" and that Stronghold and ITPE "have been party to a collective bargaining agreement . . . establishing terms and conditions of employment for individuals employed by Stronghold and represented by ITPE, including Stronghold's employees at the U.S. Corps of Engineers, Washington Aqueduct, in Washington, DC." *Id.*, ¶¶ 7–8.

Plaintiffs, in their complaint, contend that "[p]ursuant to the collective bargaining agreement for its employees represented by ITPE and working for [Stronghold] in the U.S. Corps of Engineers, Washington Aqueduct in Washington, DC, . . . [Stronghold] has been and is required to make contributions to the Pension Fund at a rate of $0.80 per hour on behalf of each employee covered by the collective bargaining agreement." Complaint, ¶ 9. Additionally, contributions "are to be made at that rate for all straight time hours worked plus all hours paid for vacation, holidays and sick leave, for each and every employee covered by the Agreement, not to exceed forty (40) hours in any one (1) week" and are to be "accompanied by reports listing each bargaining unit employee for whom contributions are owed, along with the hours worked by each such employee for each monthly reporting period." *Id.* According to the Plaintiffs, "under the terms of the Fund's Trust Agreement, the Fund's Board of Trustees are expressly required to demand, collect, receive and hold contributions owed to the Fund by contributing employers and to take such steps as may be deemed necessary . . . to collect such contributions that are due the

Fund." *Id.*, ¶ 10. Plaintiffs state that in "accordance with the Fund's Trust Agreement, contributing employers are required to pay the requisite contributions to the Trusts on or before the 25th day the month worked by each employee" and that "in the event a contributing employer fails to make its required contributions, after ten days of such delinquency, liquidated damages will be imposed for each delinquency in the amount of 20% of the delinquency" and the "delinquent employer is also obligated to pay interest on the delinquent contributions at the prime rate." *Id.*, ¶¶ 11–12.

At the time Plaintiffs commenced this action on January 8, 2013, Plaintiffs estimated that the Defendant "owed the Fund $11,607.20 in delinquent contributions, exclusive of interest and the other damages [Defendant] had incurred as a consequence of its delinquency pursuant to ERISA and the Fund's Trust Agreement." Complaint, ¶ 13.

Default was entered by the Clerk on April 25, 2013. Default (Document No. 9); *see* also Declaration (Document No. 8).[1]

Plaintiffs, in their motion for default judgment, contend that "[Defendant] and ITPE have been party to a collective bargaining agreement, as that term is used throughout ERISA, establishing terms and conditions of employment for individuals employed by [Defendant] and represented by ITPE, including [Defendant's] employees at the U.S. Corps of Engineers, Washington Aqueduct, in Washington, DC" and that the "collective bargaining agreement

---

1. Plaintiffs filed their complaint on January 8, 2013, and effectuated service upon the Defendant on March 2, 2013. *See* Complaint (Document No. 1); Return of Service Affidavit (Document No. 4). On March 26, 2013, a representative of the Defendant corporation filed a response regarding the complaint. *See* Response re: Complaint (Document No. 6).

By a Minute Order, the Court directed Defendant, a corporation, to "have counsel file an appearance and file an amended answer or responsive pleading on or before April 16, 2013. Defendant's failure to comply with this Minute Order may result in an entry of default." *See* March 26, 2013 Minute Order.

is effective by its terms from August 1, 2011 through July 31, 2014." Motion for Default Judgment, ¶ 10. Plaintiffs further contend that "[p]ursuant to a Supplemental Agreement [Defendant] entered into for its employees represented by ITPE and working for [Defendant] ..., effective October 1, 2012, [Defendant] continues to be required to make contributions to the Pension Fund at a rate of $0.80 per hour on behalf of each employee covered by the collective bargaining agreement." *Id.* Plaintiffs argue that pursuant to the collective bargaining agreement and the supplement agreement, Defendant "expressly agreed that it was 'bound by the terms and conditions of the Agreement and Declaration of Trust establishing the ITPE Pension Plan ["Trust Agreement"] and any amendments duly adopted thereto." *Id.*

Plaintiffs submit that "[i]n accordance with the Fund's Trust Agreement, participating employers are required to pay the requisite contributions to the Trust on or before the 15th day of the month following the month for which contributions have been calculated based upon covered hours worked and which are due the Fund." Motion for Default Judgment, ¶ 12. The Fund's Trust Agreement provides for remedies in the event a participating employer fails to make its required contributions and if the fund is forced to collect delinquent amounts owed to it "which include an audit of the delinquent employer's books and records and for an award of the full amount of unpaid contributions, interest on unpaid contributions at the rate set forth in the Trust Agreement, the liquidated damages at the rate set forth in the Trust Agreement, the reasonable attorneys' fees and costs incurred in the action, and other damages ...[.]" *Id.,* ¶ 13.

Plaintiffs further submit that "[f]ollowing commencement of this action, Defendant ... has submitted payments that provide for payment of the delinquent contributions owed the Pension Fund at the commencement of the action[,]" and "has also submitted reports and made contributions for its delinquency for a portion of the time subsequent to the commencement of this action, ... up to and through February 16, 2013, but it remains delinquent where all hours through the month of March 2013 were to have been reported to the Fund by April 15, 2013, and the contributions required for the period through the end of March 2013 were due as of that date." *Id.,* ¶ 19.

As relief, Plaintiffs seek a judgment against Defendant for the following:

(I) order Defendant to submit all contributions reports due and owing to the Fund; (ii) all contributions that are owed as of the date of the judgment to be due and owing, which are reasonably believed to be as of the date of the submission of Plaintiffs' motion for default judgment, at a minimum, in the amount of $4,496.00; (iii) interest computed and charged at an annualized interest rate equal to one and one-half (1.5) percent per month (calculated on a daily basis) during the period of nonpayment, as provided for in the Fund's Trust Agreement, on each payment due the Fund that was not timely remitted, which as of the date of the motion for default judgment totals $1,159.21; (iv) liquidated damages as of the date of the motion for default judgment in the amount of $4,525.44; (v) attorney's fees and costs in the amount of $16,970.00; (vi) interest and liquidated damages on those contributions owed to the Fund at the time judgment may be entered as determined under the Fund's Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); (vii) post judgment interest computed at the Fund's rate of one and one-half (1.5%)

(calculated on a daily basis) on all the delinquent contributions it is found to owe as of the date of the default judgment and charged on the remaining balance of the judgment at a statutorily-authorized rate applicable to all judgments for money damages issued by the federal courts as of the date of entry of judgment; (viii) order Defendant to submit to and cooperate with an audit of its books and records by the Fund, and (ix) enjoin Defendant from violating ERISA. Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Default Judgment (Document No. 10–1) at 14–15. Additionally, Plaintiffs ask that the Court retain jurisdiction pending Defendant's compliance with its orders. *Id.*

At the evidentiary hearing, counsel for Plaintiffs offered a binder of exhibits designated A through N, and the testimony of Denise Moore, who is employed by ITPE as a union representative; Avery Lewis, who works as a security officer for Defendant and also serves as a union representative for the affected bargaining unit employees, and Enzo LaVecchia, who is employed by M.S. Administrators, Inc., the third-party administrator of ITPE pension fund and annual benefit plan. Ms. Moore testified that she has been employed by ITPE for five years, and that her duties include management of federal services contracts. She also testified that the Defendant entered into a collective bargaining agreement and supplemental agreement with ITPE to pay $.80 into the pensions of approximately 20 security guards who are members of the union. *See* Exhibits B–1, B–2. The collective bargaining agreement became effective on August 1, 2011 and extends to July 31, 2014; the supplemental agreement became on effective October 1, 2012. *Id.* Mr. Lewis corroborated the testimony of Ms. Moore and confirmed that the collective bargaining agreement was in effect at the time he began employment with the Defendant.

Mr. LaVecchia testified that as contract administrator and third-party administrator of the ITPE pension and benefit plan, he is charged with collecting contributions from employers such as the Defendant. He established through his testimony that Defendant has been continually delinquent in contributing to the Pension Fund and in submitting reports in accordance with the agreement. *See* Exhibits C–1, Notices of Delinquent Contributions, C–2, Notices of Interest Accrued. He further testified that his staff kept records of the delinquent contributions and tabulated the interest accrued. *See* Exhibits L through N. Mr. LaVecchia testified that the Defendant made contributions subsequent to the commencement of this action on July 29, 2013 for the period June 8, 2013 to June 21, 2013, but made no contributions since July 13, 2013. Following the evidentiary hearing, Plaintiffs filed a further declaration of Plaintiffs' counsel and of Mr. LaVecchia, in which the current determinations of liquidated damages, interest and attorneys' fees were itemized. *See* Updated Declaration of H. David Kelly, Jr. (Document No. 15); Exhibit K, Updated Declaration of Enzo LaVecchia, Contract Administrator for the ITPE Pension Fund.

## APPLICABLE STANDARD OF REVIEW

Another judge of this Court, with respect to the same parties to the instant action, articulated the standard governing entry of default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure:

> The clerk of court must enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or oth-

erwise." Where the plaintiff's claim is not for a sum certain, the party must apply to the court for a default judgment. "The determination of whether default judgment is appropriate is committed to the sound discretion of the trial court. The standard for default judgment is satisfied where the defendant makes no request to set aside the default and no suggestion that it has a meritorious defense.

*ITPE Pension Fund, et al. v. Stronghold Security, LLC,* No. 11–940, 2012 WL 592426, at *1 (D.D.C. Feb. 25, 2012) (citations omitted); *see also Jackson v. Beech,* 636 F.2d 831, 836 (D.C.Cir.1980). With respect to the standard, this court contemplates that the defendant "must be considered a 'totally unresponsive' party and its default plainly wilful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment." *Fanning v. Warner Center, L.P.,* No. 13–1367, 999 F.Supp.2d 263, 266, 2013 WL 6178495, at *2 (D.D.C. Nov. 26, 2013) (citations omitted); *see also Boland v. Elite Terrazzo Flooring, Inc.,* 763 F.Supp.2d 64, 67 (D.D.C.2011) ("default judgment usually is available 'only when the [adversarial] process has been halted because of an essentially unresponsive party . . . [as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.' ") (citation omitted).

 The default "establishes the defaulting party's liability for the well-pleaded allegations of the complaint." *Boland,* 763 F.Supp.2d at 67 (citations omitted). However, Rule 55(b)(2) of the Federal Rules of Civil Procedure requires that the court make "an independent determination of the sum to be awarded." *Id.* (citations omitted); *see also Serv. Employees Int'l Indus. Pension Fund v. Delta Window*

*Cleaning Co., Inc.,* No. 12–00847, 2012 WL 3322368, at *1 (D.D.C. Aug. 14, 2012) ("Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain.") (citation omitted). The court has "considerable latitude" in making such determination, but must "[ensure that there [is] a basis for the damages specified in the default judgment." *Id.* (citation omitted); *see also National Shopmen Pension Fund v. Russell,* 283 F.R.D. 16, 19 (D.D.C.2012) ("[T]he plaintiff must prove its entitlement to the amount of monetary damages requested.") (citation omitted). The court may rely upon detailed affidavits and documentary evidence in the determination of the amount of the default judgment. *Id.* (citation omitted).

Pursuant to 29 U.S.C. § 1132(g)(2), the Court shall award plaintiffs:

(A) the unpaid contributions; (B) interest on the unpaid contributions; (C) liquidated damages in an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A); (D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and (E) such other legal or equitable relief as the court deems appropriate. The Court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for default judgment.

*Serv. Employees Int'l Nat'l Indus. Pension Fund,* No. 12–00847, 2012 WL 3322368, at *1 (D.D.C. Aug. 14, 2012) (citation omitted); *see also ITPE Pension Fund,* 2012 WL 592426, at *2.

## DISCUSSION

■ Plaintiffs filed their motion for default judgment, and, in support of their motion, offered the testimony of an employee of the union, an employee who works for the Defendant, and the Plan Administrator. Their testimony, coupled with the documentary evidence, establish that the Plaintiffs are entitled to recover from Defendant: (a) delinquent contributions remaining due and owing on the date this action commenced in the amount of $13,388.80; (b) delinquent contributions paid late during the pendency of the action in the amount of $22,627.20; (c) delinquent contributions estimated to be due and owing to the Fund on the date of the updated declaration which is August 20, 2013 in the amount of $2,241.00; (d) interest due and owing on the delinquent contributions that remain unpaid as of August 16, 2013 in the amount of $1,348.60; (e) interest which Defendant shall incur as a consequence of its continued failure to pay contributions due for the period of June 22, 2013 through July 31, 2013, provided the Fund receives these contributions on August 16, 2013, in the amount of $13.79; (f) liquidated damages on the amount of contributions which were delinquent when paid in the amount of $6,133.56; (g) liquidated damages which Defendant shall incur as a consequence of its continued failure to pay contributions due for the period of June 22, 2013 through July 31, 2013, provided the Fund receives these delinquent contributions on August 16, 2013, in the amount of $179.20, and (h) reasonable attorneys' fees and costs in the amount of $37,293.87. *See* Updated Declaration of H. David Kelly, Jr., at 3–4.

■ In addition, Plaintiffs are entitled to the requested injunctive relief. "Equitable relief in the context includes an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records." *Fanning*, 2013 WL 6178495, at *2 (citing *Int'l Painters & Allied Trades Indus. Pension Fund v. ZAK Architectural Metal & Glass, LLC*, 635 F.Supp.2d 21, 26 (D.D.C.2009)) (internal quotations omitted) (citations omitted). "Here, equitable relief is warranted because defendant has demonstrated no willingness to comply with either its contractual or statutory obligations or to participate in the judicial process." *Id.* (internal quotations omitted).

## CONCLUSION

Upon consideration of the testimony, declarations and exhibits offered by Plaintiffs, the undersigned finds that Plaintiffs, in accordance with the applicable standard, established that they are entitled to judgment in the amounts as stated in the declarations of H. David Kelly, Jr. and Mr. LaVecchia. Additionally, the undersigned finds that Plaintiffs have established that they are entitled to the requested injunctive relief. It is, therefore, this 7th day of February, 2014,

**RECOMMENDED** that Plaintiffs' Motion for Default Judgment (Document No. 10) be **GRANTED,** and that judgment be entered in the manner and on the terms proposed by Plaintiffs (*see* Document No. 10–4).