**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, et al., | |
| Plaintiffs, | Civil Action No. 13-1350 KBJ/DAR |
| v. | |
| CRYSTAL CLEANING SYSTEMS, INC., | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiffs, an employee pension benefit plan administered in the District of Columbia and the individual Trustees of that plan, bring this action under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA") "to collect contractually required remittance reports, unpaid collectively bargained contributions, and interest owed by the Defendant." Complaint (Document No. 1) ¶ 1. This action was referred to the undersigned United States Magistrate Judge for full case management, *see* 02/04/2014 Minute Order, following the Clerk's entry of default as to Defendant, *see* Default (Document No. 6); *see also* 11/25/2013 Minute Order (directing Plaintiffs either to move for default judgment or to file a stipulation of dismissal).

Pending for consideration by the undersigned is Plaintiffs' Motion for Default Judgment (Document No. 7). The undersigned conducted a hearing on Plaintiffs' motion on February 27, 2014, at which Plaintiffs introduced evidence of the damages claimed, *see* Hearing Exhibit 1.[1]

---

[1] The undersigned has provided the exhibit to the assigned United States District Judge.

Following the hearing, Plaintiffs, in accordance with the undersigned's order, filed a supplemental memorandum addressing their request for attorneys' fees. *See* Plaintiffs' Supplemental Brief in Support of Motion for Default Judgment ("Supplemental Memorandum") (Document No. 11). Upon consideration of Plaintiffs' motion, the memoranda in support thereof, the evidence presented, and the entire record herein, the undersigned will recommend that the court grant Plaintiffs' motion and enter default judgment against Defendant.

**BACKGROUND**

Plaintiff Service Employees International Union National Industry Pension Fund ("Fund") is an "employee pension benefit plan" and "multiemployer plan" as defined by ERISA, and "a jointly administered trust fund established pursuant to" the LMRA, which is administered in the District of Columbia. Complaint ¶ 4. The Fund provides pension benefits to eligible employees. *Id.* The individual Plaintiffs are authorized Trustees of the Fund, and fiduciaries as defined by ERISA, who administer the Fund for its beneficiaries. *Id*. ¶ 5. Defendant Crystal Cleaning Systems, Inc. is an employer which was a party to collective bargaining agreements with the Service Employees International Union, Local 1877 ("Union") for its employees at certain work sites at which it provided janitorial services. *Id.* ¶¶ 8-9; Declaration of Kenneth J. Anderson, Jr. ("Declaration") (Document No. 7-1) ¶ 4.

Defendant and the Union entered into a collective bargaining agreement on November 6, 2006, under which Defendant was required to make monthly contributions to the Fund for covered employees. *See* Declaration ¶¶ 4, 6; Declaration, Exhibit A at 10. Initially, Defendant was required to contribute $0.15 an hour "for each hour worked by employees to the [Fund]." Declaration, Exhibit A at 10. The rate increased to $0.25 an hour effective July 1, 2007. *Id.*

Service Employees International Union National Industry Pension Fund, et al. v. Crystal Cleaning Systems, Inc.   3

Beginning July 1, 2008, the rates were established based on the employees' "length of service"; Defendant was required to contribute $0.30 an hour for employees of one year, $0.40 an hour for employees of two years, and $0.50 an hour for employees of three years. *Id.* at 10-11.  The parties renewed their collective bargaining agreement through three agreements – titled "Janitor I Agreement," "Janitor II Agreement," and "Janitor III Agreement" – effective November 1, 2009. Declaration ¶ 4; *see also* Complaint, Exhibit 1.  Each of the three agreements established the rate at which Defendant was required to contribute to the Fund for covered employees – $0.30 an hour under the Janitor I Agreement, $0.40 an hour under the Janitor II Agreement, and $0.50 an hour under the Janitor III Agreement.  Complaint, Exhibit 1 at 3, 10, 17.

Each agreement included an appendix, setting forth the terms of Defendant's participation in the Fund.  The appendices provided, in pertinent part, that Defendant's "[c]ontributions shall be transmitted together with a remittance report containing such information, in such manner, and on such form as may be required by the Fund or their designee."  Declaration, Exhibit A at 23; Complaint, Exhibit 1 at 6, 13, 20.  The terms further provided that Defendant "agrees to be bound by the provisions of the Agreement and Declaration of Trust establishing the Fund . . . and by all resolutions and rules adopted by the Trustees pursuant to the powers delegated to them by that agreement, including collection policies . . . ."  Declaration, Exhibit A at 23; Complaint, Exhibit 1 at 7, 14, 21.

The Agreement and Declaration of Trust ("Fund Agreement") reiterates the requirement that employers submit reports and contributions to the Fund, and sets forth the authority of the Fund's Trustees to develop rules and regulations governing the Fund's operation.  Complaint, Exhibit 2 at 2, 5.  In accordance with the terms of the collective bargaining agreements and the

Service Employees International Union National Industry Pension Fund, et al. v. Crystal Cleaning Systems, Inc.    4

Fund Agreement, Trustees of the Fund promulgated policies concerning collection of delinquent contributions.  Declaration ¶ 9; Complaint, Exhibit 3.  The Fund's Statement of Policy for Collection of Delinquent Contributions stipulates that an employer that is delinquent in its Fund contributions shall be liable for interest, calculated from the date the contributions were due until the payment is received, at a rate of 10 percent per annum; liquidated damages, after a legal action is commenced, at 20 percent of the delinquent contributions; reasonable attorneys' fees and costs incurred.[2]  Declaration ¶¶ 10-11; Complaint, Exhibit 3 at 8-9 (Section 5).

In addition to the required contributions and the charges for late-paid contributions, employers were required to pay surcharges to the Fund as a result of the Fund's "critical status" in 2009 through 2013.  Declaration ¶ 12.  Because of its critical status, the Fund established a Rehabilitation Plan, in accordance with the Pension Protection Act of 2006, which imposed surcharge payments equal to five percent of an employer's contributions in November 2009, and 10 percent of its contributions for each month beginning in December 2009.  Declaration ¶ 13; Complaint, Exhibit 4; *see generally* 29 U.S.C. § 1085.  Under the statute, failures to pay these surcharges are treated as delinquent contributions.  § 1085(e)(7)(B).  Defendant was notified of the Fund's critical status, as well as the Rehabilitation Plan and required surcharges, through annual letters.  Declaration ¶¶ 12-13; Complaint, Exhibit 4; Complaint, Exhibit 5.

---

[2] The Fund's policy stipulates that "[t]he obligations to pay interest, liquidated damages and fees chargeable under this policy are contractual in nature and independent of the provisions of ERISA Section 502(g)."  Complaint, Exhibit 3 at 9.  Section 502(g) provides, in pertinent part, that "in any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate."  29 U.S.C. § 1132(g)(2).

Plaintiffs contend that beginning in 2007, in contravention of the parties' agreements, Defendant failed to submit required remittance reports, failed to pay required contributions and surcharges, and failed to pay interest and liquidated damages that it had accrued on late-paid contributions. Declaration ¶ 14; *see also* Hearing Exhibit 1. Defendant "became inactive" in the Fund effective March 1, 2013. Declaration ¶ 4.

After unsuccessfully attempting to collect the outstanding amounts from Defendant, Complaint ¶ 27, Plaintiffs initiated this matter. In October 2013, the court observed that Defendant's responsive pleading was overdue, and ordered that it be filed by a date certain. 10/17/2013 Minute Order. Defendant failed to respond, and Plaintiffs sought entry of default. The Clerk of Court entered default (Document No. 6) on November 15, 2013. In accordance with an order of the court, *see* 11/25/2013 Minute Order, Plaintiffs then moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

**APPLICABLE STANDARD**

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the Clerk's entry of default, the party may then move for entry of default judgment by the court. Fed. R. Civ. P. 55(b)(2). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Fanning v. C & L Serv. Corp.*, 297 F.R.D. 162, 166 (D.D.C. 2013) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008)) (internal quotation marks omitted). The defendant "must be considered a totally unresponsive party and its default plainly wilful, reflected by its failure to respond to the

Service Employees International Union National Industry Pension Fund, et al. v. Crystal Cleaning Systems, Inc.   6

summons and complaint, the entry of default, or the motion for default judgment." *ITPE Pension Fund v. Stronghold Sec., LLC*, No. 13-0025, 2014 WL 702580, at \*1 (D.D.C. Feb. 25, 2014) (citations omitted) (quoting another source) (internal quotation marks omitted). "The standard for default judgment is satisfied where the defendant makes no request to set aside the default and no suggestion that it has a meritorious defense." *Id.* (citations omitted) (quoting another source); *see also C & L Serv. Corp.*, 297 F.R.D. at 166.

"Entry of default by the Clerk of Court establishes the defaulting party's liability for the well-pleaded allegations of the complaint." *C & L Serv. Corp.*, 297 F.R.D. at 166 (citation omitted). Unless the amount of damages is a sum certain, the court must make an "independent determination" and has "considerable latitude" in awarding a sum of damages. *Id.*; *see also ITPE Pension Fund*, 2014 WL 702580, at \*1. The party moving for default judgment "must prove its entitlement to the amount of monetary damages requested using detailed affidavits or documentary evidence on which the court may rely." *C & L Serv. Corp.*, 297 F.R.D. at 166 (citation omitted). The court may also conduct a hearing in order to determine the appropriate amount of damages. *See id.* (citing Fed. R. Civ. P. 55(b)(2)).

**DISCUSSION**

Plaintiffs aver that "[j]urisdiction is conferred upon this Court" by 29 U.S.C. §§ 185(c), 1132(e), (f); 28 U.S.C. § 1331, and that "[v]enue is proper under" 29 U.S.C. § 1132(e)(2) because the Fund is administered in the District of Columbia. Complaint ¶¶ 2, 3. Plaintiffs filed Proof of Service (Document No. 4) indicating that the individual designated to accept service on behalf of the corporate Defendant was served with the summons in this matter on September 18, 2013. Defendant has not filed an answer to Plaintiffs' complaint, no appearance has been entered

on Defendant's behalf, and the Clerk of Court has entered default.  Accordingly, the undersigned "adopts the well-pleaded allegations in the complaint as findings of fact regarding this matter." *See C & L Serv. Corp.*, 297 F.R.D. at 167.  Plaintiffs are thus entitled to default judgment for Defendant's failure to remit certain monthly reports, required contributions, interest charges, liquidated damages, and surcharges.  *See* Complaint ¶ 22.

With respect to damages, Plaintiffs seek monetary relief for damages that they are able to calculate, and equitable relief for the damages that they are unable to calculate.  *See* Plaintiffs' Memorandum in Support of Motion for Default Judgment ("Memorandum") (Document No. 7) at 9.  In support of their request, Plaintiffs have provided the declaration of Kenneth J. Anderson, Jr., the Fund's Contribution Compliance Manager, who "maintain[s] the Fund's records, determine[s] whether participating employers have satisfied their obligations to make timely contributions to the Fund, and assist[s] in efforts to collect delinquent contributions from participating employers . . . ."  Declaration ¶ 2.  Plaintiffs also submitted documentary exhibits in the form of copies of the parties' agreements and tables detailing the amounts owed, paid, and outstanding.  The undersigned thus finds that Plaintiffs have established their entitlement to the requested relief, as outlined below.

### *Monetary damages for unpaid contributions, surcharges, interest, and liquidated damages*

Under the Janitor I Agreement, Defendant owes $647.89 in contribution payments, $2,362.37 in surcharges, $1,039.03 in interest on late paid contributions, $2,528.12 in liquidated damages for late paid contributions, and additional interest that continues to accrue at a rate of 10 percent until payments have been made.  Declaration ¶¶ 19-24; *see also* Hearing Exhibit 1.

Under the Janitor II Agreement, Defendant owes $1,813.78 in surcharges, $864.06 in interest on late paid contributions, $1,901.28 in liquidated damages for late paid contributions, and additional interest that continues to accrue until payments have been made.  Declaration ¶¶ 27-31; *see also* Hearing Exhibit 1.  Under the Janitor III Agreement, Defendant owes $7,163.52 in surcharges, $2,595.03 in interest on late paid contributions, $6,933.05 in liquidated damages for late paid contributions, and additional interest that continues to accrue until payments have been made.  Declaration ¶¶ 34-38; *see also* Hearing Exhibit 1.[3]

### Attorneys' fees and costs

Plaintiffs are also entitled to $3,216 in attorneys' fees and $450 in costs that they incurred in this matter.  *See* Supplemental Memorandum at 2.  The undersigned finds that Plaintiffs have demonstrated the reasonableness of their requested attorneys' fees through a declaration of their counsel, in which they set forth the rates of their counsel, and through invoices in which they outline the hours billed by their counsel.  *See* Declaration of Diana M. Bardes in Support of Motion for Default Judgment and Attorneys' Fees and Costs (Document No. 11-1); *id.*, Exhibit A.  In support of their request for costs, Plaintiffs provide an invoice documenting the court's filing fee and a process server fee that they incurred while litigating this matter.  *See id.*, Exhibit A.

### Equitable relief

Plaintiffs aver that they are unable to calculate the amount due and owing for the months

---

[3] There appears to be a typographical error with respect to Plaintiffs' request for interest on late paid contributions under the Janitor III Agreement.  *Compare* Declaration ¶ 35, *with* Hearing Exhibit 1.  The undersigned relies on the calculation illustrated in Hearing Exhibit 1.

in which Defendant failed to submit a remittance report, and thus seek an order requiring Defendant to conduct an accounting of past-due contributions, submit the outstanding remittance reports, and pay the due and owing amounts.  Memorandum at 5.  Plaintiffs request that the court retain jurisdiction over this matter pending Defendant's compliance with the court's order.  *Id.* at 9.  The undersigned finds that Plaintiffs are entitled to their requested relief.  "ERISA authorizes the court to provide for other legal or equitable relief as the court deems appropriate."  *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 31 (D.D.C. 2002) (citing 29 U.S.C. § 1132(g)(2)(E)); *see also Serv. Emps. Int'l Nat'l Indus. Pension Fund v. Delta Window Cleaning Co.*, No. 12-00847, 2012 WL 3322368, at *2 (D.D.C. Aug. 14, 2012) (granting the plaintiffs' "request to enter a permanent injunction ordering defendant to submit its delinquent remittance reports, conduct an accounting on all past-due contributions, and pay all amounts due and owing to the Fund in accordance with its Agreement with the Fund and the Fund's governing documents").

Under the 2006 agreement, "Defendant failed to provide any reports or contributions for the entire effective period . . . from April 2007 through October 2009."  Declaration ¶ 15. Defendant failed to submit reports and contributions under the Janitor I Agreement for October 2012, December 2012, January 2013, and February 2013.  Declaration ¶ 18; *see also* Hearing Exhibit 1.  Defendant failed to submit reports and contributions for August 2012, October 2012, December 2012, January 2013, and February 2013 under the Janitor II Agreement.  Declaration ¶ 26; *see also* Hearing Exhibit 1.  Finally, Defendant failed to submit reports and contributions under the Janitor III Agreement for October 2012, December 2012, January 2013, and February 2013.  Declaration ¶ 33; *see also* Hearing Exhibit 1.  For these months, Defendant owes

contributions, interest, liquidated damages, and surcharges, in accordance with the rates set forth in the respective agreements.  *See* Declaration ¶¶ 16, 18, 26, 33.

**CONCLUSION**

For all of the foregoing reasons, it is, this 13th day of June, 2014,

**RECOMMENDED** that Plaintiffs' Motion for Default Judgment (Document No. 7) be **GRANTED**, and that judgment be entered against Defendant in the amount of $28,913.47, plus additional interest at a rate of 10 percent that continues to accrue until payment is received, to account for:[4]

(1) $647.89 in delinquent contributions;

(2) $4,498.12 in interest on late-paid contributions;

(3) $11,362.45 in liquidated damages;

(4) $11,339.67 in surcharges;

(5) $3,666 in attorneys' fees and costs; and it is

**FURTHER RECOMMENDED** that the court order Defendant to conduct an accounting of unpaid contributions, submit outstanding remittance reports, and pay the corresponding contributions and related charges that are due and owing to the Fund.

/s/

DEBORAH A. ROBINSON
United States Magistrate Judge

---

[4] The total amount also accounts for previous overpayments of contributions by Defendant in the amount of $101.80 and  $2,498.86.  Declaration ¶¶ 31, 38.  In addition, the undersigned has not added the additional interest to date into the total amount, as it continues to accrue.

Service Employees International Union National Industry Pension Fund, et al. v. Crystal Cleaning Systems, Inc.    11

**Within fourteen days, any party may file written objections to this report and recommendation.  The objections shall specifically identify the portions of the findings and recommendations to which objection is made and the basis of each such objection.  In the absence of timely objections, further review of issues addressed herein may be deemed waived.**